IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

KHAI BUI,

    Plaintiff,

v.

SEFTON SMYTH, *et al.*,

    Defendants.

Civil Action No. 1:23-cv-1224

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Alshaer's Renewed Motion for Sanctions. Alshaer first moved for sanctions on November 16, 2023, at which time Defendants' Motions to Dismiss were pending before the Court. Finding Alshaer's Motion for Sanctions premature, the Magistrate Judge denied that motion without prejudice on December 12, 2023. After the Court granted Defendants' Motions to Dismiss on January 9, 2024, Alshaer renewed his Motion for Sanctions on January 11, 2024. The renewed motion is now ripe for decision.

As the Court detailed in its January 9th Order, Bui's Complaint in this case initiated his fifth lawsuit against Alshaer concerning the same underlying incident. This Court received three of these suits, while Fairfax Circuit Court received two. Each suit concluded with the court's dismissal of Bui's complaint. Alshaer now seeks sanctions against Bui pursuant to Federal Rule of Civil Procedure 11, including a pre-filing injunction and a monetary award.

1

Before determining whether sanctions are appropriate, the Court must address whether Alshaer complied with Rule 11's procedural requirements. Under Rule 11's "safe harbor" provision, the party seeking sanctions must first serve, but not file, the motion on the party to be sanctioned. If the challenged pleading is not withdrawn or corrected within twenty-one days of service, the motion for sanctions may be filed for determination by the court. Fed. R. Civ. P. 11(c)(2); see Payman v. Lee Cnty. Cmty. Hosp., No. 2:04-cv-17, 2005 WL 1322897, at *1 (W.D. Va. June 3, 2005).

Bui claims Alshaer violated this safe harbor provision by failing to serve him with the Motion for Sanctions prior to filing that motion with the Court; however, Bui's own filings betray this claim. Bui filed a "Response in opposition to motion sanction [sic]" on October 26, 2023, see Dkt. 40—twenty-one days *before* Alshaer filed his Motion for Sanctions for the first time on November 16, 2023, see Dkt. 51. Moreover, Bui's filing included Alshaer's then-proposed motion, dated October 6, 2023, as an attachment. See Dkt. 40-1. By responding to and attaching Alshaer's yet-to-be-filed motion, Bui evidenced Alshaer's service and compliance with Rule 11's safe harbor provision. Receiving and responding to Alshaer's yet-to-be-filed motion also provided Bui "notice and an opportunity to be heard" before the Court considered Alshaer's requested pre-filing injunction. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 819 (4th Cir. 2004)

Next, the Court must decide whether Bui's pleadings are sanctionable. "The basic requirement of Rule 11 is that an unrepresented party or a represented party's attorney conduct a prefiling investigation of law and fact which is objectively reasonable under the circumstances." Harmon v. O'Keefe, 149 F.R.D. 114, 116

2

(E.D. Va. 1993) (citing Brubaker v. City of Richmond, 943 F.2d 1363, 1373 (4th Cir. 1991)). The factual investigation "must uncover some information to support the allegations in the complaint." Brubaker, 943 F.2d at 1373. And the legal investigation must uncover some "chance of success under the existing precedent." Id. Even accounting for his *pro se* status, Bui's complaint demonstrates a failure to conduct a reasonable prefiling investigation. See Harmon, 149 F.R.D. at 116–17 (finding a *pro se* plaintiff violated Rule 11 by "failing to conduct a reasonable prefiling investigation"); Schnader Harrison Segal & Lewis LLP v. Hershey, No. 1:12-cv-928, 2013 WL 12099323, at *2 (E.D. Va. Aug. 14, 2013) (same), aff'd per curiam, 575 F. App'x 196 (4th Cir. 2014).

Prior to Bui's present suit, the Court dismissed three of Bui's complaints across two prior suits—each time for lack of jurisdiction.[1] In its most recent dismissal, the Court warned Bui about his "pattern of refiling the same claims over which this Court lacks jurisdiction." Bui v. Alshaer, No. 1:19-cv-1097, Order Dismissing Amended Complaint, Dkt. 12 at 2 (E.D. Va. entered Sept. 4, 2019). Bui evidently failed to heed that warning. Like in that suit, Bui's complaint here again attempted to imply a cause of action from a federal statute where none exists. Any reasonable prefiling legal investigation would have led Bui to the conclusion that his complaint failed to invoke the Court's jurisdiction. By continually suing Alshaer in this Court with slightly altered—though uniformly insufficient—legal theories that address the same underlying incident, Bui violated Rule 11, and sanctions are appropriate.

---

[1] See Bui v. Alshaer, No. 1:18-cv-1061, Order Dismissing Amended Complaint, Dkt. 20 (E.D. Va. entered Oct. 29, 2018); Bui v. Alshaer, No. 1:19-cv-1097, Order Dismissing Complaint, Dkt. 5 (E.D. Va. entered Aug. 22, 2019); Bui v. Alshaer, No. 1:19-cv-1097, Order Dismissing Amended Complaint, Dkt. 12 (E.D. Va. entered Sept. 4, 2019).

3

The Court turns next to determining the nature of the sanctions. Under Rule 11, sanctions "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). Whatever sanctions the Court imposes "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Id. Here, Alshaer seeks a pre-filing injunction and monetary sanctions.

A federal court is authorized to issue pre-filing injunctions pursuant to 28 U.S.C. § 1651. See Cromer, 390 F.3d at 817. A pre-filing injunction, however, is a drastic remedy and should "be used sparingly so as not to offend the constitutional guarantee of due process of law." Miles v. Angelone, 483 F. Supp. 2d 491, 495 (E.D. Va. 2007) (citing id.), aff'd per curiam, 238 F. App'x 978 (4th Cir. 2007). Enjoining *pro se* litigants "should be approached with particular caution and should remain very much the exception to the general rule of free access to the courts." Cromer, 390 F.3d at 818 (cleaned up). Before imposing a pre-filing injunction, the Court must weigh the relevant circumstances, including:

> 1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id. Bui's pleadings before this Court satisfy all four Cromer factors and warrant a pre-filing injunction.

4

Under the first factor, as the Court observed in 2019, Bui's complaints are duplicative. Bui v. Alshaer, No. 1:19-cv-1097, Order Dismissing Complaint, Dkt. 5 at 2 (E.D. Va. entered Aug. 22, 2019) ("[I]t appears [Bui] is attempting to pursue essentially the same lawsuit."). Bui's complaints invariably stem from a police report Alshaer filed, which claimed that Bui damaged Alshaer's vehicle. These complaints retread familiar accusations that Alshaer lied, either in the police report itself or during the lawsuits Bui subsequently initiated. These accusations are duplicative and harass Alshaer.

Under the second factor, Bui's lawsuits lack merit. Bui has repeatedly and fruitlessly sought a jurisdictional hook that permits his case. Bui cannot continue to throw causes of action at the Court and hope one sticks. Doing so violates Bui's Rule 11 obligation to conduct a reasonable prefiling investigation.

Under the third factor, Bui's complaints burden the Court and Alshaer. Over the past six years, Bui has initiated three separate cases in this Court, failing to state a cognizable claim at any juncture. And Alshaer has been a defendant to every suit, both here and before the Fairfax Circuit Court. In each case, Alshaer is required to respond, and the Court must address the inadequacies of Bui's filing. A pre-filing injunction is appropriate to prevent the Court and Alshaer from further burden.

And under the fourth factor, "there is no indication that [Bui] will voluntarily stop his abusive filing." Miles, 483 F. Supp. 2d at 496. Previously, the Court warned Bui that his failure to invoke the Court's jurisdiction would have consequences; a pre-filing injunction is an appropriate consequence.

Having found the litigant's conduct merits a pre-filing injunction, the Court "must ensure that the injunction is narrowly tailored to fit the specific circumstances at

issue." Cromer, 390 F.3d at 818. Alshaer seeks a pre-filing injunction that prevents Bui from "pursuing any further litigation on any subject matter," but that is too broad. While Bui's conduct merits enjoining further suits like this one, "nothing in the record justifie[s] infringing upon his right to bring suit in *unrelated* cases." Id. at 819. This pre-filing injunction will enjoin Bui from initiating any new actions in this Court against Alshaer arising from Alshaer's police report or subsequent judicial proceedings related to Alshaer's police report without first obtaining approval from this Court. Nothing in the Order issuing the pre-filing injunction should be construed as limiting Bui's ability to litigate cases that do not involve Alshaer or the facts underlying the suits discussed above.

Finally, the Court addresses Alshaer's desired monetary sanctions. "Because the primary purpose of Rule 11 is to deter future litigation abuse, see In re Kunstler, 914 F.2d 505, 522–23 (4th Cir.1990), the court is required impose the least severe sanction that fulfills the purpose of Rule 11." Myers v. Am.'s Servicing Co., 227 F.R.D. 268, 269–70 (E.D. Va. 2005) (citing Harmon, 149 F.R.D. at 117). At this juncture, imposing a pre-filing injunction is sufficient deterrent. "[T]he court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations." Fed. R. Civ. P. 11, notes of advisory committee on 1983 amendment (citing Haines v. Kerner, 404 U.S. 519 (1972)). Though Bui's *pro se* status does not excuse his Rule 11 violation, the injunction should address the burden Bui's successive complaints have imposed on both the Court and Alshaer. Therefore, Bui's Rule 11 sanction will constitute only a pre-filing injunction; no monetary sanctions will be imposed at this time.

6

For the reasons stated above, it is hereby

**ORDERED** that Defendant Alshaer's Renewed Motion for Sanctions is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff Khai Bui is hereby **ENJOINED** from filing any further lawsuits against Defendant Abdul Ahshaer in the Eastern District of Virginia arising out of or relating to the facts and circumstances discussed in <u>Bui v. Alshaer</u>, No. 1:18-cv-1061, (E.D. Va. filed Aug. 24, 2018); <u>Bui v. Alshaer</u>, No. 1:19-cv-1097 (E.D. Va. filed Aug. 20, 2019); or <u>Bui v. Smyth</u>, No. 1:23-cv-1224, (E.D. Va. filed Sept. 11, 2023) without first obtaining leave of Court. It is further

**ORDERED** that to obtain such leave of Court, Bui must (1) include an application for leave to file captioned "Application, Pursuant to Court Order, Seeking Leave to File" with the complaint or pleading he seeks to file; (2) accompany that application with a copy of this Memorandum Opinion and Order; (3) submit a separate dated and notarized affidavit or declaration certifying that the matters raised in the suit have not been raised or decided in any other lawsuit, the case is brought in good faith, and is not filed for the purpose of harassment; and (4) include either the prepaid statutory filing fee or a request to proceed *in forma pauperis*. It is further

**ORDERED** that the Clerk is **DIRECTED** to refer all of Plaintiff's future filings to a Magistrate Judge before entering them on a docket. The Magistrate Judge will review the filing to determine whether Plaintiff has complied with the terms of this Order and whether the allegations asserted are (1) frivolous, (2) not in good faith, or (3) were disposed of previously by this Court. Absent approval from the Magistrate Judge to docket the new filing, the Clerk will be directed to return the filing to Plaintiff.

7

If Plaintiff attempts to re-file a returned filing, the Clerk will dispose of the document. It is further

**ORDERED** that Bui be and is advised that failing to comply with the terms of this Order may be sufficient grounds to deny any application for leave to file.

This is a final order for the purposes of appeal. To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

Alexandria, Virginia
March 12, 2024

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE